UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENRIQUE EUGENE CENTENO,

       Plaintiff,                         Hon. Phillip J. Green

v.

                                         Case No. 1:20-cv-475

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is affirmed.

## **STANDARD OF REVIEW**

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 41 years of age on his alleged disability onset date and 43 years of age on the date his insured status expired. (ECF No. 11-2, 11-7, PageID.64, 334). He completed high school and worked previously as a hand packager, production assembler, drywall applicator, machine feeder, and fast-food cook. (ECF No. 11-2, PageID.73-74). Plaintiff applied for benefits on June 10, 2015, alleging that he had been disabled since May 24, 2015, due to diabetes, obesity, gout, arthritis, knee ligament injury/surgery, depression, substance abuse, learning disability, high blood pressure, and ADHD. (ECF No. 11-7, 11-8, PageID.334, 371).

Plaintiff's application was initially denied following a hearing before an ALJ, after which the Appeals Council remanded the matter for further administrative action. (ECF No. 11-2, PageID.61). Following a second administrative hearing, ALJ Colleen Mamelka, in an opinion dated August 19, 2019, determined that Plaintiff did not qualify for disability benefits. (ECF No. 11-2, 11-3, PageID.61-76, 84-137). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (ECF No. 11-2, PageID.32-36). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on June 30, 2017. (ECF No. 11-2, PageID.64). To be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that he became disabled prior to the expiration of his insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden to demonstrate he is entitled to disability benefits and he satisfies such by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: (1) coronary artery disease (status post stent placement in 2016); (2) diabetes mellitus, type II with neuropathy; (3) degenerative disc disease; (4) degenerative joint disease of the shoulder, ankle, and knee; (5) chronic obstructive pulmonary disease (COPD); (6) hypertension; (7) obesity; (8) depression; and (9) poly-substance abuse (amphetamine/methamphetamine, cannabis, and alcohol), severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.   (PageID.64-66).

With respect to Plaintiff's RFC, the ALJ determined that Plaintiff retained the ability to perform sedentary work subject to the following limitations: (1) he can never climb ladders, ropes, or scaffolds; (2) he can never kneel, crouch, or crawl; (3) he can occasionally push/pull with his upper extremities; (4) he can occasionally reach overhead, balance, stoop, operate foot controls, and climb ramps/stairs; (5) he can frequently perform fingering and handling activities; (6) he cannot work at unprotected heights or near dangerous moving machinery; (7) he must avoid exposure to extreme cold, heat, and humidity; (8) he must avoid exposure concentrated exposure to environmental irritants such as fumes, dusts, gases, odors, and poorly ventilated areas; and (9) he can perform simple, routine, and repetitive tasks.   (ECF No. 11-2, PageID.66).

The ALJ found that Plaintiff was unable to perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, his limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid.*

In this case, a vocational expert testified that there existed approximately 234,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (ECF No. 11-3, PageID.128-32). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

### I.  The ALJ Did Not Rely on Facts Not in Evidence

In assessing Plaintiff's obesity, the ALJ stated the following:

> Nearest the time of his date last insured in April 2017 he weighed 361 pounds, and stood at 6 feet, 1 inch tall, resulting a in a body mass index (BMI) of 47.6, which the National Institutes of Health classifies as obese (Clinical Guidelines on the Identification, Evaluation, and Treatment of Overweight and Obesity in Adults, NIH Publication No. 98-4083). The levels of obesity described by the NIH do not correlate with any specific degree of functional loss.

(ECF No. 11-2, PageID.70).

Plaintiff argues that the ALJ's "extra-record conclusion" that his obesity "provides no work-related impairments is not contained in the record" and, therefore, warrants reversal. The Court disagrees.

First, Plaintiff has failed to demonstrate that the statement quoted above is factually inaccurate. The NIH document cited by the ALJ does not articulate "any specific degree of functional loss" which correlate to particular levels or degrees of obesity. *See* Clinical Guidelines on the Identification, Evaluation, and Treatment of Overweight and Obesity in Adults, National Institutes of Health Publication 98-4083 (Sept. 1998). Plaintiff has failed to identify any subsequent publication or conclusion by the NIH which undermines or is contrary to the ALJ's statement.

Moreover, the ALJ did not conclude that Plaintiff's obesity resulted in no functional limitations. This is evidenced by the very restrictive RFC the ALJ adopted as well as the ALJ's statement, not quoted by Plaintiff, immediately following the language quoted above:

> Obesity can, however, cause or exacerbate impairments in the musculoskeletal, respiratory, and cardiovascular body systems. I have considered the condition to determine if it alone, or in combination with other impairments, significantly limits the claimant's physical or mental ability to do basic work activities (20 CFR, Subpt. P, App. 1.00Q; 3.00I; 4.00F; SSR 19-2p). I have given due consideration to the claimant's obesity in assessing his residual functional capacity. Although there is no specific evidence of any impact the claimant's obesity has on his various impairments, I acknowledge it might contribute to or exacerbate the effects of his other impairments. Accounting or such, I have limited the claimant to sedentary exertion work with other postural limitations.

(ECF No. 11-2, PageID.70).

In sum, the ALJ properly considered Plaintiff's obesity and the extent to which such limited Plaintiff's ability to function. Accordingly, this argument is rejected.

## II. The ALJ Properly Assessed the Medical Evidence

At step two of the sequential process, the ALJ found that Plaintiff's learning disability was not a severe impairment. Specifically, the ALJ stated that while Plaintiff "presented education records, there are no records from an acceptable medical source reflecting a learning disorder." (ECF No. 11-2, PageID.65). Plaintiff argues that the ALJ erred because he was diagnosed with a learning disability by a school psychologist, an acceptable medical source.

In support of his argument, Plaintiff cites to two pages in the record. (ECF No. 11-9, PageID.488, 497). While these documents indicate that Plaintiff experiences a learning disability, it is not clear from these documents that this assessment was made by "an acceptable medical source." Moreover, even if Plaintiff is correct that the "school psychologist" identified therein constitutes an acceptable medical source, such does not call into question the ALJ's decision.

At step two of the sequential analysis, the ALJ must determine whether the claimant suffers from a severe impairment. The Sixth Circuit has held that where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering her decision. *See Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *Kirkland v.*

*Commissioner of Social Security*, 528 Fed. Appx. 425, 427 (6th Cir., May 22, 2013) ("so long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments . . . does not constitute reversible error").

Here, the ALJ determined that Plaintiff suffered from a severe impairment at step two of the sequential analysis and continued with the remaining steps thereof, considering in detail the record evidence. The ALJ accounted for Plaintiff's learning disability by limiting him to simple, routine, and repetitive tasks. That such sufficiently accounts for Plaintiff's limitations in this area is supported by Plaintiff's work experience.

In addition to 27-year-old educational records, Plaintiff cites to an opinion by Jonathan Sly, Ph.D., a consulting examiner who met with Plaintiff on a single occasion. Specifically, Sly concluded that "it is suspected that [Plaintiff's] psychological condition would result in moderate to marked limitations in his capacity to do work-related activities." (ECF No. 11-10, PageID.521). First, this "opinion" is vague and equivocal and does not articulate any specific functional limitations from which Plaintiff allegedly suffers. Thus, it is not inconsistent with the ALJ's RFC assessment. Moreover, as the ALJ noted, during this same general time period Plaintiff was abusing various substances, including but not limited to methamphetamine, cannabis, and alcohol. (ECF No. 11-2, 11-10, 11-11, 11-16, PageID.71, 549-50, 553, 560, 611-12, 962-1025). The ALJ concluded, therefore, that Plaintiff experiences a much lesser degree of limitation when he is not abusing drugs

9

and alcohol. This conclusion is supported by the record. (ECF No. 11-10 – 11-20, PageID.526-1256).

In short, the ALJ sufficiently accounted for Plaintiff's non-exertional impairments and limitations in her RFC assessment. This argument is, therefore, rejected. *See Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (recognizing that the harmless error doctrine is intended to prevent reviewing courts from becoming "impregnable citadels of technicality"); *Heston v. Commissioner of Social Security*, 245 F.3d 528, 535-36 (6th Cir. 2001) (recognizing that remand to correct an error committed by the ALJ unnecessary where such error was harmless).

### III. Plaintiff is not Entitled to a Sentence Six Remand

Following the ALJ's decision, Plaintiff participated in a psychological evaluation. (ECF No. 11-2, PageID.49-57). Plaintiff submitted the results of this examination to the Appeals Council which concluded that such did not constitute grounds for overturning the ALJ's decision because the evidence in question "does not relate to the period at issue." (ECF No. 11-2, PageID.33). Plaintiff argues that the Appeals Council improperly refused to consider this evidence. It is well understood that this Court, when reviewing the Commissioner's decision, can only consider evidence which was presented to the ALJ. See, e.g., *Cline v. Commissioner of Social Security*, 96 F.3d 146, 148 (6th Cir. 1996); *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007) (quoting *Cline*, 96 F.3d at 148).

If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it in the prior proceeding, the Court can remand the case for further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148. To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Secretary of Health and Human Serv's*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff bears the burden of making these showings. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

Plaintiff's argument fails for at least two reasons. First, Plaintiff offers no argument that there exists good cause for failing to obtain and present this evidence to the ALJ. Second, as the Appeals Council correctly noted, the evidence in question does not relate to or concern Plaintiff's condition or limitations prior to the expiration of his insured status. The assessment concerns Plaintiff's status as of November 2019, more than two years after the expiration of his insured status. Thus, the Court cannot consider the evidence in question nor has Plaintiff satisfied the requirements to remand this matter for its consideration. Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is affirmed. A judgment consistent with this opinion will enter.

Date: June 14, 2021                                   /s/ Phillip J. Green
                                                                PHILLIP J. GREEN
                                                                United States Magistrate Judge